J-S07024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JAYQUAN ANTHONY JORDAN | : | |
| | : | |
| Appellant | : | No. 1112 MDA 2023 |

Appeal from the Judgment of Sentence Entered June 1, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003078-2022

BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: MAY 8, 2024**

Jayquan Jordan appeals from the judgment of sentence imposed after he pled guilty to several firearm, assault, and drug offenses.  He challenges the discretionary aspects of his sentence.  Additionally, Jordan's counsel filed a petition to withdraw from representation and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).  Upon review, we grant counsel's petition, and affirm the judgment of sentence.

On September 4, 2022, a police officer pulled Jordan over while he was driving in the city of Wilkes-Barre.  When the officer confronted him, Jordan ran off.  Jordan tripped and the firearm he had in his pocket discharged.  A bullet hit the officer.  After a brief struggle, Jordan was restrained and taken into custody.  The police searched Jordan and found a small amount of crack cocaine and associated paraphernalia on him.

---

[*] Retired Senior Judge assigned to the Superior Court.

On April 10, 2023, Jordan pled guilty to possession of a controlled substance, simple assault with a deadly weapon, person not to possess a firearm, and firearm not to be carried without a license.[1] The trial court sentenced Jordan to an aggregate term of 72 to 180 months' incarceration: 60 to 156 months' incarceration for possession of a firearm prohibited; 12 to 24 months' incarceration for simple assault imposed consecutively to the sentence for firearms prohibited, and 6 to 12 months' incarceration for possession and 36 to 72 months' for firearms without a license, both imposed concurrently to the sentence for firearms prohibited. Jordan filed a post-sentence motion, which the court denied.

Jordan filed this timely appeal. He and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.[2] Counsel filed a petition to withdraw from representation and an **Anders** brief with this Court. Jordan did not retain independent counsel or file a *pro se* response to the **Anders** brief.

Before we may consider the issues raised in the **Anders** brief, we must first consider counsel's petition to withdraw from representation. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (holding

---

[1] 35 P.S. §§ 780-113(a)(16) and 18 Pa.C.S.A. §§ 2701(a)(2), 6105(a)(1), and 6106(a)(1).

[2] We note that when counsel intends to file an **Anders** brief and asks this Court to withdraw, counsel should file a statement pursuant to Rule 1925(c)(4) rather than Rule 1925(b).

that, when presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points [the defendant] deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of **Anders**, *i.e*., the contents of an **Anders** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Once counsel has satisfied the **Anders** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious

issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel filed both an *Anders* brief and a petition for leave to withdraw. Further, the *Anders* brief substantially comports with the requirements set forth by our Supreme Court in *Santiago*. Finally, the record included a copy of the letter that counsel sent to Jordan of counsel's intention to seek permission to withdraw and advising Jordan of his right to proceed *pro se* or retain new counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Jordan's appeal is wholly frivolous.

In the *Anders* brief, counsel indicates that Jordan wishes to raise a single issue: whether the trial court abused its discretion in failing to run all sentences concurrently given Jordan's background and acceptance of responsibility. *Anders* Brief at 10.

Jordan challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a

concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)). Jordan has satisfied the first three requirements under *Colon*. Accordingly, we must determine whether Jordan has raised a substantial question.

In his Rule 2119(f) statement, Jordan claims that the trial court should have imposed all his sentences concurrent to one another, particularly, given the relevant mitigating factors. *Anders* Brief at 8-9.

Regarding the imposition of consecutive sentences and whether a substantial question has been raised, this Court has held:

A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa. Super. 2010)[.] Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa. Super. 2012)[(*en banc*)].

[An appellant] may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

*Commonwealth v. Swope*, 123 A.3d 333, 338-39 (Pa. Super. 2015) (quotations and citations omitted).

We also have held that "an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*). Consequently, when we view Jordan's challenge to the imposition of consecutive sentences as excessive, together with his claim that the court failed to consider certain mitigating factors, we conclude that he presents a substantial question. Therefore, we will consider Jordan's sentencing claim.

> Our standard of review of a sentencing claim is as follows:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Jordan claims that the trial court abused its discretion when it imposed two of his sentences consecutively to each other and failed to consider the mitigating evidence he presented. In particular, Jordan maintains the court ignored that he was remorseful, accepted responsibility for his actions, and acknowledged his drug relapse and need for treatment. He further maintains the court did not consider that, before this incident, he was clean and sober

for 4 years and cared for his family or that, while he was incarcerated, he was a monitor, cleaner, and mentor to younger inmates. Thus, according to Jordan, the trial court should have imposed all his sentences concurrently. ***Anders*** Brief at 11-12.

In reviewing Jordan's sentencing claim, we first note that the trial court had the benefit of a pre-sentence report, which it considered. N.T., 6/1/23, at 9. "[W]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted).

Additionally, counsel highlighted for the trial court Jordan's various mitigating circumstances. N.T., 6/1/23, at 3-4. Jordan himself apologized for his actions and submitted a letter to the court for its consideration. ***Id.*** at 5.

The record shows that the trial court specifically acknowledged and considered Jordan's mitigating circumstances. ***Id.*** at 9. But the court emphasized that Jordan had a gun, which he was not legally permitted to have, and he ran from the police. The court found that these circumstances created a very serious situation, which caused injury to a police officer, and could have been much worse. ***Id.***

Nonetheless, the trial court imposed a standard range sentence for each conviction. "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the

Sentencing Code." ***See Commonwealth v. Hill***, 210 A.3d 1104, 1117 (Pa. Super. 2019). On appeal, "[w]e cannot re-weigh the sentencing factors and impose our judgment in place of the sentencing court." ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa. Super. 2009).

Furthermore, the trial court's imposition of a standard range sentence for simple assault, consecutive to a standard range sentence for firearms prohibited, a very serious offense which carries a lengthy sentence, was not excessive. We have long held that a sentencing court has broad discretion regarding whether a defendant serves sentences consecutively or concurrently. ***Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa. Super. 2014). Notably, the court imposed concurrent sentences for his other charges. Jordan is not entitled to a volume discount for his crimes. ***See Commonwealth v. Hoag***, 665 A.2d 1212, 1214 (Pa. Super. 1995).

For the foregoing reasons, we conclude that Jordan's claim that the trial court abused its discretion when it sentenced him is frivolous. Further, in accordance with ***Dempster***, we have independently reviewed the certified record to determine if there are any non-frivolous issues that counsel may have overlooked. Having found none, we agree that the appeal is wholly frivolous. Therefore, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/08/2024